# UNITED STATES DISTRICT COURT
for the
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Dec 7, 2024 3:13 PM
Lucy H.Carrillo, Clerk of Court

| | |
|---|---|
| United States of America<br>v.<br><br>DUANE F.K. DAWSON<br><br>*Defendant(s)* | )<br>)<br>) Case No. 24-1223 KJM<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 5, 2024__ in the county of _____ in the _____ District of __Hawaii__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846, 21 U.S.C. § 841 (a)(1); 18 U.S.C. § 922(g)(1) | Attempted Posession with Intent to Distribute Controlled Substances; Felon in Possession of Ammunition |

This criminal complaint is based on these facts:

See Affidavit of U.S. Postal Inspector Melanie Cristie P. Ramirez

☑ Continued on the attached sheet.

*Complainant's signature*

Melanie Cristie P. Ramirez, U.S. Postal Inspector
*Printed name and title*

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed.R.Crim.P. 4.1(b)(2).

Date: 12/7/2024

City and state: Honolulu, HI

Kenneth J. Mansfield
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Melanie Cristie P. Ramirez, the undersigned complainant, being duly telephonically sworn, state the following is true and correct to the best of my knowledge and belief:

1. I am a Postal Inspector with the United States Postal Inspection Service ("USPIS") and have been since May 2022, and I am currently assigned to the USPIS Honolulu, Hawaii Domicile. I attended federal law enforcement training and graduated from the USPIS Career Development Unit, Basic Inspector Training, during which time training included the investigation of federal law violations including but not limited to that of mail theft, burglaries, robberies, and criminal misuse of the United States Postal Service ("USPS") mail services to transport non-mailable items such as narcotics.

2. Prior to becoming a Postal Inspector, I was a Police Officer with the Honolulu Police Department for approximately seven years. I held various assignments including that as a booking and processing officer, division administrative officer, and patrol officer. As a patrol officer, I participated in investigations including but not limited to illegal narcotics possession, deaths, assaults, thefts, robberies, burglaries, as well as fraud.

3. As a Postal Inspector with the USPIS, my duties include the investigation of violations of federal laws including the transportation, importation, manufacture, possession, and distribution of controlled substances as defined by Title 21, United States Code, including methamphetamine, cocaine, heroin, fentanyl, and other dangerous drugs.

4. During the course of narcotics investigations, I have participated in various methods of investigation, including but not limited to parcel search warrants, electronic surveillance, visual surveillance, arrests and questioning of suspects, as well as controlled deliveries. Based on my training and experience as well as conversations with experienced investigators, I have become familiar with the manner in which drug traffickers conduct their drug-related business, including the methods employed by drug dealers to import, conceal, transport, and distribute illegal drugs, and the use of coded language to refer to various drugs, drug proceeds, and other aspects of drug trafficking.

5. As a Postal Inspector within the meaning of 18 U.S.C. § 3061, I am empowered by law to conduct investigations, execute search warrants, conduct seizures, and effect arrests for offenses of Federal law, including 21 U.S.C. § 841(a)(1) being Knowingly and Intentionally Distributing and Possessing with Intent to Distribute Controlled Substances, 21 U.S.C. § 846 being Attempt and Conspiracy; and 18 U.S.C. § 922(g)(1) being Felon in Possession of Ammunition.

6. The facts contained in this affidavit are known to me through my personal knowledge, training, experience and through information provided to me by individuals familiar with the facts that I consider to be truthful and reliable. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the requested warrant.

## PROBABLE CAUSE

7. In April 2024, Person A reported to the Kauai Police Department ("KPD") that DAWSON threw a "bomb" at the Person A's vehicle and then shot Person A in the face, which resulted in facial injury and the loss of vision in one eye. KPD officers later executed state search warrants at DAWSON'S primary residence, located at 3-XXXX Kuhio Hwy Lihue, HI 96766, as well as Person B's residence, a close contact of DAWSON, located at XXXX KALEPA CIR, #X, LIHUE, HI 96766 ("SUBJECT RESIDENCE"). The searches resulted in the seizure of explosives, firearms, firearm suppressors, loaded magazines, loose ammunition, narcotics such as methamphatmine, and items such as clear Ziploc bags and a digital scale commonly used to package narcotics for distribution.

8. In October 2024, postal inspectors received information from KPD that, based on their ongoing investigation into DAWSON, they suspected DAWSON was

receiving parcels containing narcotics at the SUBJECT RESIDENCE.

9. Postal inspectors later intercepted two boxes mailed from California to the SUBJECT RESIDENCE.

10. On December 3, 2024, pursuant to a federal search warrant, postal inspectors searched both boxes, each of which contained a white crystalline substance that field-tested positive for methamphetamine, with a combined gross weight of approximately 4,755 grams.

11. On December 5, 2024, postal inspectors executed a controlled delivery of one of the two boxes ("SUBJECT PARCEL"). Before the controlled delivery, the methamphetamine was removed from the SUBJECT PARCEL and replaced with pseudo-methamphetamine. Also, prior to the start of the controlled delivery, pursuant to a federal warrant, postal inspectors installed a global positioning system and beeper device in the SUBJECT PARCEL, which tracked its location and whether it was opened.

12. The SUBJECT PARCEL was delivered into a parcel locker at XXXX Kalepa Circle, Lihue, HI 96766, and the key for that parcel locker was placed into the designated mail locker for the SUBJECT RESIDENCE.

13. At about 6:04 p.m., the beeper device within the SUBJECT PARCEL indicated it was moving. Person C was observed walking from the mail lockers and carrying the SUBJECT PARCEL to the SUBJECT RESIDENCE, then handing it to

Person B. Person B was observed walking into the SUBJECT RESIDENCE with the SUBJECT PARCEL. According to the beeper device, the SUBJECT PARCEL remained unopened.

14. At about 7:40 p.m., DAWSON, the sole occupant of a silver vehicle bearing Hawaii license plate KCY 460 ("SUBJECT VEHICLE"), which he was observed driving earlier in the day, drove into the parking lot and parked the near SUBJECT RESIDENCE.

15. At about 7:46 p.m., DAWSON walked into the SUBJECT RESIDENCE. At no time while DAWSON was inside the SUBJECT RESIDENCE did any other individual access the SUBJECT VEHICLE.

16. At about 7:56 p.m., DAWSON walked out of the SUBJECT RESIDENCE carrying a bag and walked toward the SUBJECT VEHICLE. As he moved, the beeper device in the SUBJECT PARCEL indicated it was moving consistent with DAWSON's movement. After DAWSON placed the bag in the rear passenger seat area, the beeper device indicated it was no longer moving. DAWSON remained standing outside the SUBJECT VEHICLE.

17. At about 8:05 PM, I approached DAWSON as he stood outside the SUBJECT VEHICLE and identified myself. DAWSON said that his attorney had advised him not to speak with law enforcement. DAWSON also said he did not know why law enforcement was involved and said his lawyer was handling the matter. I

clarified that I was not there to discuss past incidents and explained that I was a postal inspector investigating matters involving the mail. In response, DAWSON said, in sum and substance, "Oh, the box! That's not even my box! My girlfriend called me and said there's a box. I came over here, and she gave me the box! I took the box but that's not our box. I've got plenty of enemies! Somebody is trying to set me up."

18.   In the back passenger area, law enforcement recovered the SUBJECT PARCEL inside the same bag DAWSON had carried from the SUBJECT RESIDENCE to the SUBJECT VEHICLE moments earlier. Investigators also recovered a fanny pack containing a black-and-white firearm with a magazine loaded with ammunition. The firearm does not have a serial number. Law enforcement also located six loose rounds of ammunition, two glass pipes with apparent methamphetamine residue, three small Ziploc bags containing approximately 2.29 grams of field-tested positive fentanyl, two food-saver bags containing approximately 44.69 grams of field-tested positive cocaine, two small Ziploc bags containing approximately 3.29 grams of field-tested positive methamphetamine, a digital scale with white residue, a spoon, a metal stick, a pipe cleaner, and various small, colored Ziploc bags. Based on my training and experience, the quantities of drugs, packaging materials, and paraphernalia

recovered during the search indicate that DAWSON was engaged in drug trafficking activities.

19. Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") special agents conducted a preliminary review of the ammunition stamped "LUGER, 9 MM, BLAZER", which was recovered from the magazine in the black-and-white firearm. Accordingly, the ammunition appears to have been manufactured by Luger and traveled through interstate commerce in order for it to have been found in Hawaii.

20. DAWSON is a convicted felon, having been convicted in the State of Hawaii in 2010 for violation of Hawaii Revised Statue ("HRS") 708-821, being Criminal Property Damage in Second Degree; as well as in 2018 for violation of HRS 707-713, being Reckless Endangering in the First Degree. Additionally, DAWSON has been arrested in the State of Hawaii for violating HRS 712-1243, being Promoting a Dangerous Drug in the Third Degree, and HRS 712-1249, being Promoting a Detrimental Drug in the Third Degree.

## CONCLUSION

21. Based on the above circumstances, I believe there is probable cause to conclude that on or about December 5, 2024, Duane F.K. DAWSON attempted to possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, which is a Schedule II controlled substance and did aid and abet the

same; and is a felon in possession of ammunition.

DATED: Honolulu, Hawaii, December 7TH, 2024.

_____
Melanie Cristie P. Ramirez
U.S. Postal Inspector
U.S. Postal Inspection Service

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendants above-named committed the charged crime found to exist by the undersigned Judicial Officer at 3pm on December 7, 2024.

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Federal Rule of Criminal Procedure 4.1(b)(2), on this 7 day of December 2024, at Honolulu, Hawaii.

_____
Kenneth J. Mansfield
United States Magistrate Judge